UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PMC CASUALTY CORP.,

    Plaintiff,

v.                                     Case No. 8:24-cv-1400-TPB-SPF

VIRGINIA SURETY COMPANY, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART "DEFENDANT VIRGINIA SURETY COMPANY, INC.'S MOTION TO TRANSFER THE ACTION OR, IN THE ALTERNATIVE, TO DISMISS FOR FORUM *NON CONVENIENS*"**

This matter is before the Court on "Defendant Virginia Surety Company, Inc.'s Motion to Transfer the Action or, in the Alternative, to Dismiss for Forum *Non Conveniens*," filed July 8, 2024. (Doc. 15). Plaintiff PMC Casualty Corp. filed its response in opposition on July 22, 2024. (Doc. 23). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

This case arises from disputes relating to a reinsurance agreement between Plaintiff PMC Casualty Corp. (a Delaware captive insurance company claiming its principal place of business in Florida)[1] and Defendant Virginia Surety Company, Inc. (an Illinois insurance company). The reinsurance agreement relates to

---

[1] The parties dispute whether Plaintiff may claim its principal place of business in Florida under Delaware law pertaining to captive insurance companies. The Court does not find it necessary to wade into this disagreement because it does not impact the Court's decision in this case.

insurance and reinsurance for obligations arising under vehicle service contracts that provide consumers with warranty-like coverage after expiration of their car's original warranty. Protect My Car, LLC and Protect My Car Admin Services, Inc., affiliates of Plaintiff, sold these contracts to consumers. To insure their obligations to consumers, Protect My Car, LLC and Protect My Car Admin Services obtained contractual liability insurance policies ("CLIPs") from Defendant. After issuing the CLIPs, Defendant obtained reinsurance from Plaintiff in connection with the risks it accepted in issuing the CLIPs. Under the reinsurance agreement, Defendant ceded, and Plaintiff reinsured, 100% of the risk of any payments that might have to be made under the customer contracts, including the return of amounts due to consumers if the customer contracts were cancelled early.

Plaintiff alleges that Defendant has failed to pay more than $20 million owed under the reinsurance agreement – the funds were to be maintained in a "Fund Withheld Account," and according to Plaintiff, the reinsurance agreement requires Defendant to immediately remit any surplus amounts in the account. Plaintiff has brought a one-count breach of contract action against Defendant, seeking money damages, consequential damages, and interest.

Defendant has acknowledged that the account contains more than $20 million in surplus amounts, but it maintains it has not remitted those amounts because it believes those amounts are not due under the terms of the reinsurance agreement. Defendant notes that it faces a competing demand from non-party PayLink Payment Plans, LLC, as to the amounts claimed by Plaintiff in this action.

That demand is the subject of litigation in Illinois state court.[2] *See PayLink Payment Plans, LLC v. Virginia Surtey Co., Inc.*, No. 2023-L-012043 (Ill. Cir. Ct., Cook Cty., filed Nov. 28, 2023).

## Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

## Analysis

Defendant argues the case should be transferred or dismissed under 28 U.S.C. § 1404(a). As a threshold matter, the parties agree that the putative transferee court – the Northern District of Illinois – is a district in which Plaintiff might have brought the case. As such, the Court must consider the relevant factors

---

[2] Plaintiff has intervened as a party in, and is actively litigating, the *PayLink* action.

to determine whether convenience and the interest of justice require transfer. The Eleventh Circuit has identified the relevant § 1404(a) factors as: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Conergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Upon review, the Court finds that the relevant considerations weigh heavily in favor of transfer. Several factors weigh slightly in favor of Illinois, or are neutral at best, including Plaintiff's choice of forum, the parties' relative means, the convenience of the parties, the ease of access to proof, and the convenience of witnesses. Plaintiff's choice of forum is given less weight here because the operative facts at issue arose in Illinois. *See Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1283 (M.D. Fla. 2015). The relative means and convenience of the parties are both neutral. Plaintiff and Defendant both enjoy similar means as well-established insurance companies and are capable of litigating in nearly any forum. In fact, at this time, both parties are litigating in related state court litigation in Chicago, Illinois. With regard to ease of access to proof, it appears that much of the proof would be available electronically, making this factor neutral. However, it is likely that if non-electronic documentary proof exists, it is located in Illinois, which

would weigh in favor of transfer.  Considering the convenience of witnesses it appears that the most relevant witnesses are likely to be employees of Plaintiff and Defendant, and party witnesses are presumed to be under control of the party, thereby ensuring their voluntary appearance in court. *See West Star Yacht, LLC v. Seattle Lakes Cruises, LLC*, No. 2:20-cv-574-FtM-JLB-MRM, 2021 WL 678553, at *2 (M.D. Fla. Feb. 22, 2021) (Magnuson, J.) (citing *Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1243 (M.D. Fla. 2016)).  To the extent that the PayLink employees are appropriate non-party witnesses, this factor would weigh in favor of transfer to Illinois.

Most importantly, the locus of operative facts and governing law support litigating this case in an Illinois venue.  This action involves an *Illinois* reinsurance agreement, finalized in *Illinois* by an *Illinois* insurer, governed by *Illinois* law.[3]  As such, Illinois clearly has the most significant interest in the resolution of this case.  Based on the totality of the circumstances, and in the interest of justice, this matter is due to be transferred pursuant to 28 U.S.C. § 1404(a).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Virginia Surety Company, Inc.'s Motion to Transfer the Action or, in the Alternative, to Dismiss for Forum *Non Conveniens*" (Doc. 15) is hereby

---

[3] Under Illinois law, which governs the agreement, the situs of operative events is not where the nonpayment occurred – it is where the business decisions concerning the alleged breach of contract occurred.  *See First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006); *accord Balestrieri v. Am. Home Assur. Co.*, No. 07-80707-CIV-MIDDLEBROOKS/JOHNSON, 2007 WL 9701805, at *2 (S.D. Fla. Sept. 26, 2007).  These business decisions occurred at Defendant's Illinois headquarters.

**GRANTED** to the extent that the matter is **TRANSFERRED** to the Eastern Division (Chicago) of the District Court for the Northern District of Illinois for all further proceedings.

(2) The motion is otherwise **DENIED**.

(3) Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>27th</u> day of August, 2024.

_/s/ Tom Barber_

TOM BARBER
UNITED STATES DISTRICT JUDGE